UNITED STATES, Appellee,

v.

Private (E–1) Douglas J. DAVIS, SSN 258–84–1112, United States Army, Appellant.

CM 437158.

U. S. Army Court of Military Review.

14 Nov. 1978.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Benjamin A. Sims, JAGC, and Captain Larry C. Schafer, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Major Michael B. Kennett, JAGC, and Captain Daniel A. Dolan, JAGC, were on the pleadings for appellee.

Before JONES, DeFORD and LEWIS, JJ.

## OPINION OF THE COURT

LEWIS, Judge:

Consistent with his pleas, appellant was convicted of attempted larceny, willful damage of government property, and larceny by a military judge sitting as a general court-martial.[1] His approved sentence extended to a bad-conduct discharge, forfeiture of all pay and allowances and confinement at hard labor for seven months. Two assignments of error are urged upon us as requiring reversal.

▆▆▆ Appellant first asserts that his plea of guilty to attempted larceny (Charge I) was improvident on the grounds that he did not actually know the value of the contents of the container he was attempting to force.[2] In our view, the specific intent required for this offense is not that appellant knew that the specific property he intended to steal was of a particular value, but only that he specifically intended to steal. In short, the word "specific" modifies "intent", which is another way of saying that, in the offense of larceny, the actor must possess an *animus furandi*. The value of those items or contents as pleaded and proven (or, in a guilty plea as here, judicially confessed) is solely a matter that goes to sentence determination. Accordingly, this assignment of error lacks merit.

▆▆▆ Appellant also asserts that his plea of guilty to the willful damage charge (Charge II) was improvident because the value alleged by the Government and pleaded to by the appellant was the total value of the property damaged and not the value of the damage caused by appellant. The Government concedes that the specification was "inartfully drafted" but argues that the plea was still provident inasmuch as the appellant knew he was charged with

wrongfully damaging specified military property and he acknowledged his acts and his guilt. To the extent that a valid charge and specification can be carved out of the inartfully drafted one, we adopt the Government's view.

Testing specifications for precisely the same deficiency, the Board of Review in *United States v. Mierthrew*, 11 C.M.R. 50 (A.B.R.1953), held such specifications to be legally sufficient to support findings of damage in a non-specified amount.[3] In the instant case, we hold likewise and also find the purposes of paragraph 70b, Manual for Courts-Martial, United States, 1969 (Revised edition), *United States v. Chancellor*, 16 U.S.C.M.A. 297, 36 C.M.R. 453 (1966), and *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969), to be satisfied to the extent of providency of his plea of guilty to damage in a non-specified amount.

▆▆▆ Inasmuch as Charge II was multiplicious with Charge I for sentencing, our disposition of Charge II does not affect the maximum imposable sentence in this case.

▆▆▆ Considering the entire case, our action reducing the findings of the damage in Charge II to an unspecified amount and the extenuation and mitigation, we view the sentence approved by the convening authority to be entirely appropriate.

Only so much of the finding of guilty of the Specification of Charge II as finds that the appellant did, at Fort Stewart, Georgia, a military installation under exclusive federal jurisdiction, on or about 8 January 1978, without proper authority, willfully damage by prying and striking with assorted implements, a locked cabinet of a value in excess of $100.00, military property of the United States, the amount of said damage being of some value, in violation of

---

1. These offenses violated Articles 80, 108 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 908 and 921.

2. In the course of his providency inquiry, the appellant, based upon investigative reports, accepted as true the fact that the contents he intended to steal were valued in an amount in excess of $100.00. He also unequivocally stated that he in fact did intend to steal those

contents when he was working on the cabinet with pliers, a screwdriver and some knives.

3. In *Mierthrew*, the Army Board of Review was interpreting paragraph 187b, Manual for Courts-Martial, United States, 1951. The current manual paragraph is identical in all material respects.

Article 108, Uniform Code of Military Justice, is affirmed. The remaining findings of guilty are affirmed. The sentence is affirmed.

Senior Judge JONES and Judge DeFORD concur.